UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CYNTHIA K. LANDRY, ET AL.                CIVIL ACTION

VERSUS                                   NO: 12-1022

EAGLE, INC., ET AL.                      SECTION: J(3)

**ORDER AND REASONS**

This matter is before the Court on a Motion to Remand **(Rec. Doc. 5)** filed by Plaintiffs Dennis and Cynthia Landry. The Defendant, J.A. Sexauer, Inc., opposes the motion **(Rec. Doc. 8)**. Having considered the motion, the parties' arguments, the evidence in the record, and the applicable law, the Court finds that Plaintiff's motion should be **GRANTED.**

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

Plaintiffs Dennis and Cynthia Landry ("Plaintiffs") originally filed this action in 2010 in the Civil District Court for Orleans Parish, alleging that Mr. Landry had contracted malignant mesothelioma on account of occupational exposure to asbestos during the years he worked as a union plumber and seeking to recover damages. Among the 27 parties named as defendants in the suit were J.A. Sexauer ("Sexauer"), Taylor-

1

Seidenbach, Inc. ("Taylor-Seidenbach"), and Georgia-Pacific, LLC ("Georgia-Pacific"), each of whom Plaintiffs alleged had designed, tested, evaluated, manufactured, packaged, furnished, stored, handled, transported, installed, supplied, and/or sold the asbestos or asbestos-containing products causing Mr. Landry's mesothelioma.  Sadly, while the suit was pending, Mr. Landry passed away, at which point an amended petition was filed wherein his heirs were added as plaintiffs.

Trial was originally set to commence in state court on May 16, 2011, but the matter was continued until November 7, 2011. Several weeks before trial, Plaintiffs voluntarily dismissed J.A. Sexauer from the case without prejudice.  The state court then granted another continuance, resetting the trial to March 19, 2012, at which point only Plaintiffs' claims against Georgia-Pacific were reportedly set to be tried.  On the eve of trial, however, Plaintiffs reached a settlement with Georgia-Pacific. Plaintiffs then filed a Second Supplemental and Amended Petition on March 21, 2012, reasserting their claims against Sexauer based on new evidence that had reportedly been uncovered during expert discovery.  Just shy of one month later, on April 20, 2012, Sexauer removed the case to this Court on the basis of diversity of citizenship.  The instant motion to remand followed shortly thereafter.

**PARTIES' ARGUMENTS**

In their motion, Plaintiffs argue that this matter is not removable for three distinct reasons.  First, they argue that Sexauer cannot show the existence of complete diversity of citizenship, as required to remove a case pursuant to federal diversity jurisdiction.  Specifically, because Plaintiffs share the same state citizenship as Defendant Taylor-Seidenbach, and because Plaintiffs are still actively pursuing their claims against Taylor-Seidenbach, they argue that complete diversity is not present and that federal jurisdiction is therefore lacking.  Second, even if complete diversity exists, Plaintiffs argue that Sexuaer's notice of removal is untimely under the removal statute because it was filed more than one year after the commencement of the state court action.  See 28 U.S.C. § 1446(c).  Finally, Plaintiffs argue that removal is prohibited under 28 U.S.C. § 1441(b)(2) because Taylor-Seidenbach is a citizen of the state in which the action was filed, i.e., Louisiana.  Based on the foregoing, Plaintiffs request that their motion be granted, and that this matter be remanded to the Civil District Court for Orleans Parish.

In response, however, Sexauer argues that Plaintiffs' motion is without merit.  First, Sexauer argues that complete diversity of citizenship exists in this case, because at the time that the notice of removal was filed, it was under the impression that

3

Plaintiffs had settled their claims against Taylor-Seidenbach. As support for this contention, Sexauer cites the March 14, 2012 pre-trial outline from the state court proceeding. It points out that this outline includes no reference to any pending claims against Taylor-Seidenbach. Accordingly, because Taylor-Seidenbach was no longer a party to the action at the time of removal, and because complete diversity exists between Plaintiffs and Sexauer, it argues that federal diversity jurisdiction is present and that removal is not barred by the forum defendant rule.

Next, Sexauer argues that Plaintiffs' second argument is similarly flawed, in that Plaintiffs' supplemental petition reasserting claims against Sexauer must be considered a new action and cannot revive their previously dismissed claims against Sexauer. Thus, because the case was removed well within a year of the date that Plaintiffs' supplemental petition was filed, Sexauer argues that its notice of removal was timely filed. Finally, should the Court find that the notice of removal was not timely filed, Sexauer alternatively contends that the "bad faith" exception of 28 U.S.C. § 1446(c)(1) applies. The removal statute permits a defendant to remove a case pursuant to diversity jurisdiction more than one year after the action was commenced if "the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing

the action." 28 U.S.C. § 1446(c)(1). Here, Sexauer characterizes Plaintiffs' actions in initially dismissing it from the lawsuit without prejudice and then subsequently reasserting their claims after the one-year period for removal had expired as indicative of bad faith. Consequently, it argues that Plaintiffs' motion should be denied.

## DISCUSSION

Generally, a defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction over the case. See 28 U.S.C. § 1441(a). The removing defendant bears the burden of proving by a preponderance of the evidence that federal diversity jurisdiction exists. De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995). The jurisdictional facts supporting removal are examined as of the time of removal. Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000). Because of the federalism concerns inherent in removing a case from the state court system, the removal statute should be strictly construed, and any doubt as to the propriety of removal must be resolved in favor of remand. Manguno v. Prudential Prop. and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).

Federal diversity jurisdiction exists where the amount in controversy exceeds $75,000 and there is complete diversity

between the parties, meaning that no individual plaintiff and no individual defendant share the same state citizenship. 28 U.S.C. § 1332(a)(1). For the purposes of diversity jurisdiction, a natural person is a citizen of the state in which he is domiciled. Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc., 485 F.3d 793, 797 (5th Cir. 2007). A corporation is deemed a citizen of the state in which it is incorporated and the state of its principal place of business. 28 U.S.C. § 1332(c)(1).

Here, the parties do not appear to dispute the state citizenship of any relevant party. Both the Plaintiffs and Taylor-Seidenbach are Louisiana citizens, and Sexauer is a citizen of New York and Florida. Accordingly, the only issue is whether Sexauer has carried its burden of establishing that there was complete diversity among the parties at the time that the notice of removal was filed.

**A. Has Sexauer Shown that Diversity Jurisdiction Exists?**

A case that was not originally removable under federal diversity jurisdiction because of the presence of a nondiverse defendant may be removed only after it is clear under applicable state law that all nondiverse defendants have been effectively removed from the case, leaving a controversy between the plaintiff and diverse defendants. Vasquez v. Alto Bonito Gravel Plant Corp., 56 F.3d 689, 694 (5th Cir. 1995). Federal courts must look to state law to determine whether a nondiverse

defendant is no longer effectively a party to a case. <u>Estate of Martineau v. ARCO Chem. Co.</u>, 203 F.3d 904, 910 (5th Cir. 2000).

Settlement by a plaintiff with all nondiverse defendants has been held to render a case removable, provided the settlement is irrevocable, binding, and enforceable under state law. <u>See Vasquez</u>, 56 F.3d at 693-694; <u>accord</u> <u>Taco Tico of New Orleans, Inc. v. Argonaut Great Central Ins. Co.</u>, No. 09-3502, 2009 WL 2160436, *2 (E.D. La. July 16, 2009) ("Defendants who have settled are nominal parties who are no longer effectively a party to the case.") (internal citation and quotation omitted); <u>Hargrove v. Bridgestone/Firestone N. Am. Tire, LLC</u>, No. 10-0318, 2012 WL 692410, at *3 (W.D. La. Mar. 2, 2012) ("When, as here, there is a voluntary action by the plaintiff, i.e. the execution of settlement documents showing no intention of proceeding against [the nondiverse] defendants, the case becomes removable.").

Here, the parties dispute whether Plaintiffs have previously settled their claims against Taylor-Seidenbach, thereby effectively removing this nondiverse defendant from the suit and creating complete diversity. Accordingly, the Court must look to state law to determine whether Sexauer has demonstrated the existence of a binding settlement agreement under Louisiana law as of the date this matter was removed. <u>Estate of Martineau</u>, 203 F.3d at 910 (noting that state law governs the issue of "whether

7

there was a binding settlement agreement between [the parties as of] the date of removal").

Under Louisiana law, an agreement to settle a lawsuit is referred to as a "compromise."  See Townsend v. Square, 94-0758, p. 6 (La. App. 4 Cir. 9/29/94), 643 So. 2d 787, 790.  "A compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship."  LA. CIV. CODE art. 3071.  Under Louisiana law, a compromise must generally be made in writing and signed by both parties in order to be valid.  Preston Law Firm, L.L.C. v. Mariner Health Care Mgmt. Co., 622 F.3d 384, 390 (5th Cir. 2010) (per curiam) (citing LA. CIV. CODE art. 3072).[1]

Applying the foregoing principles to the facts of this case, the Court finds Sexauer has failed to demonstrate by a preponderance of the evidence that Plaintiffs have settled their claims against Taylor-Seidenbach, or that any settlement the parties may have theoretically reached constitutes a valid compromise under Louisiana law.  The only evidence Sexauer offers is a March 9, 2012 joint pre-trial outline referencing Plaintiffs' claims against Georgia-Pacific and a docket sheet from the Civil District Court website stating that the case had

---

[1] A compromise may also be recited in open court, provided that the terms thereof are "susceptible of being transcribed from the record of the proceedings."  LA. CIV. CODE art. 3072.

been settled.  Standing alone, this does not establish that the settlement agreement constitutes a valid and enforceable compromise under Louisiana law.  See, e.g., Cella v. Allstate Prop. & Cas. Ins. Co., No. 10-2744, 2010 WL 4027712, at *2-*3 (E.D. La. Oct. 13, 2010) (granting motion to remand where only evidence of settlement agreement was correspondence between plaintiff's counsel and nondiverse defendant's counsel stating "I am pleased that we have been able to settle this claim in an amicable manner," which failed to establish an "agreement in writing, signed by the parties or recited in open court and susceptible of being transcribed from the record of the proceedings"); Bush v. Waterman Steamship Corp., No. 00-0920, 2000 WL 913812, at *2 (E.D. La. July 5, 2000) (granting plaintiff's motion to remand where removing defendant failed to present any evidence that settlement that had been reported between plaintiff and nondiverse defendant was compliant with Civil Code articles 3071 and 3072); Williams v. Exec. Risk Specialty Ins. Co., No. 11-0686, 2011 WL 2461346, at *3 (W.D. La. June 17, 2011) (remand proper where removing defendants provided no evidence that plaintiffs executed enforceable settlement agreements with nondiverse defendants under Louisiana law). Furthermore, Plaintiffs offer at least a facially plausible explanation of Sexauer's proffered evidence.  According to Plaintiffs, the pre-trial outline only addresses their claims

9

against Georgia-Pacific and not any other defendants because those were the only claims set to be tried during the March 19, 2012 trial setting.  As Plaintiffs point out, the outline does *not* state that the claims against Georgia-Pacific are the only claims pending in the suit.  They further explain that the docket sheet attached to the notice of removal only references the same claims against Georgia-Pacific, and not their claims against Taylor-Seidenbach.  They represent to the Court that no settlement has been reached with Taylor-Seidenbach, that they have not settled or otherwise dismissed their claims against this defendant, and that they currently intend to pursue such claims as to this defendant if this matter is remanded.

Based on the parties' competing explanations of these documents, as well as the lack of evidence unequivocally showing that Plaintiffs have executed a valid compromise with or otherwise dismissed their claims against Taylor-Seidenbach, the Court is ultimately not persuaded that diversity jurisdiction is present in this matter.  Admittedly, there are lingering doubts in the Court's mind over whether these claims were in fact settled or dismissed, as Sexauer suggests.  However, because the Court is required to strictly resolve any such doubts in favor of remand, see Manguno, 276 F.3d at 723, Plaintiffs' motion will be

granted.[2]

## CONCLUSION

Accordingly, for all the reasons expressed above, **IT IS ORDERED** that Plaintiffs' Motion to Remand **(Rec. Doc. 5)** is **GRANTED** and that this matter is hereby remanded to the Civil District Court for Orleans Parish.  As such,

**IT IS FURTHER ORDERED** that the oral argument requested on Plaintiffs' motion, currently set for June 20, 2012, at 9:30 a.m., is hereby **CANCELED**.

New Orleans, Louisiana this 19th day of June, 2012.

_____
CARL J. BARBIER
UNITED STATES DISTRICT COURT

---

[2] Because the Court concludes that remand is proper based on the lack of diversity jurisdiction, it need not reach the remaining issues raised in the parties' memoranda.

11